The STATE of Ohio, Appellee,

v.

KING, Appellant.

[Cite as *State v. King* (1995), 104 Ohio App.3d 434.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 93CA2206.

Decided June 6, 1995.

*Lynn Alan Grimshaw,* Scioto County Prosecuting Attorney, and *R. Randolph Rumble,* Assistant Prosecuting Attorney, for appellee.

*Jeffrey J. Hoskins,* for appellant.[1]

STEPHENSON, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Scioto County Common Pleas Court finding the appellant guilty of knowingly causing serious physical harm to another in violation of R.C. 2903.11(A)(1). The appellant assigns the following errors for our review:

"FIRST ASSIGNMENT OF ERROR

"The trial court erred, to the prejudice of the defendant/appellant, when it failed to address the pro-se motion of the defendant to dismiss his trial counsel. Such failure denied the defendant his right of due process under the law.

"SECOND ASSIGNMENT OF ERROR

"The defendant/appellant was denied his Sixth Amendment right to the effective assistance of counsel when trial counsel failed to argue for the suppression of the pellet gun seized during an illegal search and seizure in violation of the appellant's fourth amendment rights.

---

1. Appellant was represented by different counsel during trial.

"THIRD ASSIGNMENT OF ERROR

"The defendant/appellant was denied his Sixth Amendment right to effective assistance of counsel when counsel failed to argue for the suppression of the statement obtained by the police as 'fruits of the poison tree.'

"FOURTH ASSIGNMENT OF ERROR

"The defendant/appellant was denied his Sixth Amendment right to the effective assistance of counsel when counsel failed to argue for the suppression of Mark Minshall's and Cheryl White's statements, used by the prosecution at trial but not introduced as evidence as 'fruits of the poison tree.'

"FIFTH ASSIGNMENT OF ERROR

"The defendant/appellant was denied his Sixth Amendment right to the effective assistance of counsel when counsel failed to argue for the suppression of the video statement obtained from the defendant/appellant pursuant to the 'cat out of the bag' theory, and a totality of the circumstances.

"SIXTH ASSIGNMENT OF ERROR

"The trial court erred to the prejudice of the defendant/appellant when it failed to stop the trial and inquire into the seizure of the pellet gun and the defendant/appellant's alleged confession once facts were placed before the court that indicated improper police activity had taken place.

"SEVENTH ASSIGNMENT OF ERROR

"The defendant/appellant was denied his Sixth Amendment right to effective assistance of counsel when counsel repeatedly insinuated in the opening statement and closing argument that the appellant might have committed the crime.

"EIGHTH ASSIGNMENT OF ERROR

"The trial court erred to the prejudice of the appellant when it failed to grant the appellant's motion to suppress.

"NINTH ASSIGNMENT OF ERROR

"The judgment and verdict of the jury is not supported by the weight of the evidence and is against the manifest weight of the evidence."

The following facts are pertinent to this appeal. On August 13, 1993, an indictment was returned by the Scioto County Grand Jury charging the appellant with alternative counts of felonious assault. The first count alleged that the appellant knowingly caused serious physical harm to another in violation of R.C. 2903.11(A)(1). The second count alleged that the appellant knowingly caused physical harm to another by means of a deadly weapon in violation of R.C. 2903.11(A)(2).

The appellant claimed that he was indigent, and he was assigned trial counsel. On November 30, 1993, a jury returned verdicts finding the appellant guilty of

the first count and not guilty of the second count. The court sentenced the appellant, and this appeal follows. Additional facts will be discussed as called for in ruling on the appellant's assignments of error.

In his first assignment of error, the appellant submits that the trial court erred in failing to address his *pro se* motion to dismiss his trial counsel. The appellant's motion was filed with the Clerk of Courts of Scioto County on November 29, 1993, the first day of the appellant's trial. The appellant alleged in his motion that his trial counsel was not providing effective assistance because he refused to interview witnesses, refused to investigate the factual background of the case and was not preparing the case for trial. No mention of this motion, however, is made in the record by either the appellant, his trial counsel, or the trial judge.

When during trial an indigent defendant questions the effectiveness and adequacy of assigned counsel, it is the duty of the trial court to inquire into the complaint and make the inquiry part of the record. See *State v. Prater* (1990), 71 Ohio App.3d 78, 593 N.E.2d 44, and *State v. Deal* (1969), 17 Ohio St.2d 17, 46 O.O.2d 154, 244 N.E.2d 742. The inquiry may be brief and minimal, but it must be made. *Prater, supra.* No such inquiry appears in the record in the case *sub judice.*

The appellee argues that the duty of the trial judge to inquire into this motion arises only if it is brought to the judge's attention in open court. However, while it appears that the motion was not brought to the trial court's attention in open court during the trial, the fact remains that the motion was duly filed during the trial. Whether the trial court was aware of the motion is not apparent from the record. This court has found no authority for the proposition that the trial court has a duty to inquire into an indigent defendant's motion to dismiss his counsel only when the motion is brought to the attention of the court during open court. Therefore, we find the appellee's argument unpersuasive.

Next, the appellee argues that the allegations of ineffective assistance of counsel made by the appellant in his motion were not specific enough to warrant a review on the record by the trial court. The *Deal* court did state that the allegations of ineffective assistance had to be "specific, not vague or general." *Deal, supra,* 17 Ohio St.2d at 19, 46 O.O.2d at 155, 244 N.E.2d at 743. We find that the appellant's allegations of ineffective assistance of counsel were specific enough to require further inquiry by the trial court. The appellant alleged several distinct ways in which trial counsel was deficient, though the appellant did not provide details, such as which witnesses counsel refused to interview, or what particular facts counsel refused to investigate. However, we find that this lack of detail does not preclude the trial court's duty to inquire into the complaint.

Accordingly, we remand this case to the trial court for an investigation of the appellant's motion to be put on the record, with the instruction that, if appellant's claim of ineffective assistance of counsel is determined to be unfounded, the trial court may reenter the judgment of conviction. *Prater, supra,* 71 Ohio App.3d at 85, 593 N.E.2d at 48. If the trial court finds the motion to be well founded, the court may, in its discretion, grant a new trial. *Id.,* 71 Ohio App.3d at 86, 593 N.E.2d at 48. We therefore do not reach the appellant's other eight assignments of error at this time. Of course, if the trial court reinstates the appellant's conviction and the appellant appeals, he is free to reassert these assignments of error.

We find the appellant's first assignment of error to be well taken. The appellant's conviction is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, P.J., and HARSHA, J., concur.