DECISION AND JUDGMENT ENTRY
Donald D. Miller appeals his felony conviction for driving under the influence of alcohol in the Ross County Court of Common Pleas. He assigns the following errors for our review:
FIRST ASSIGNMENT OF ERROR:
 THE COURT ERRED IN DENYING DEFENDANT'S REQUEST TO RETAIN PRIVATE COUNSEL.
 SECOND ASSIGNMENT OF ERROR:
 THE COURT ERRED IN DENYING COUNSEL'S MOTION TO WITHDRAW.
Finding no merit in the assigned errors, we affirm the judgment of the trial court.
After his arrest for driving under the influence of alcohol, a Ross County grand jury indicted appellant with a felony due to his three previous convictions for DUI.[1] The court declared appellant indigent and appointed counsel. Appellant initially entered a plea of not guilty, but later he notified the court that he wished to change his plea. The court set a hearing on the change of plea for June, 2000. However, the defendant then decided not to change his plea. As a result, the court scheduled a trial for September, 2000. Appellant's counsel then filed a motion for a continuance in order to interview additional witnesses. The court granted the continuance and rescheduled the trial date for December, 2000. However, the court granted another continuance, this time to the State due to the unavailability of a material witness. After the court reset the trial date for January, 2001, appellant again informed the court he would change his plea. At the hearing on February 1, 2001, the appellant once again decided not to change his plea. The court then scheduled the case for trial on February 21, 2001.
On the morning of trial, during voir dire, appellant asked the court for permission to retain private counsel. Appellant claimed he had spoken with another attorney, who had indicated to him that he should not have been charged with a felony. Appellant's court-appointed counsel also moved to withdraw from the case, citing his uneasiness with his client consulting other counsel. The court denied both requests after noting the number of previous delays in the case and the lack of a reasonable basis for substitution of counsel. The court found the appellant's request to be nothing more than another reason to delay his case. The case proceeded to trial. After the jury convicted the appellant and the court sentenced him, appellant filed this appeal.
In his first assignment of error, appellant contends that he has a right to retain counsel in a criminal case. He asserts that his request to retain counsel was made in good faith and that the trial court's denial of his request deprived him of his basic right. We review a trial court's decision regarding a request for new counsel under an abuse of discretion standard. State v. McNeill (1998), 83 Ohio St.3d 438, 452,700 N.E.2d 596, 610. Absent an abuse of discretion, we will uphold the decision of the trial court. An abuse of discretion connotes more than an error of judgment; rather, it implies that the conduct of the trial court was arbitrary, unreasonable, or unconscionable. Franklin Cty. Sheriff'sDept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506,589 N.E.2d 24, 30; Blakemore v. Blakemore (1983), 5 Ohio St.2d 217, 219,450 N.E.2d 1140, 1142. Under this standard, we are not free to substitute our independent judgment for that of the trial court. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184.
Our analysis begins with the well-settled rule that an indigent defendant is not entitled to the counsel of his choosing, but rather, only the right to competent, effective representation. See State v.Murphy (2001), 91 Ohio St.3d 516, 523, 747 N.E.2d 765, 781; State v.Cowans (1999), 87 Ohio St.3d 68, 72, 717 N.E.2d 298, 304; Thurston v.Maxwell (1965), 3 Ohio St.2d 92, 93, 209 N.E.2d 204, 205. When an indigent defendant questions the adequacy of assigned counsel during trial, the court must inquire into the complaint on the record. State v.King (1995), 104 Ohio App.3d 434, 437, 662 N.E.2d 389, 390. An indigent defendant is entitled to new counsel "only upon a showing of good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result."State v. Edsall (1996), 113 Ohio App.3d 337, 339, 680 N.E.2d 1256, 1257. See, also, State v. Blankenship (1995), 102 Ohio App.3d 534, 558,657 N.E.2d 559, 574; State v. Pruitt (1984), 18 Ohio App.3d 50, 57,480 N.E.2d 499, 507-508. When the timing of request for new counsel is an issue, a trial court may make a determination as to whether the appellant's request for new counsel was made in bad faith. State v.Graves (1999), Lorain App. No. 98CA007029, unreported. A motion for new counsel made on the day of trial, "intimates such motion is made in bad faith for the purposes of delay." State v. Haberek (1988),47 Ohio App.3d 35, 41, 546 N.E.2d 1361, 1367.
The Tenth District Court of Appeals recently decided State v. Cox
(Mar. 22, 2001), Franklin App. No. 00AP-565, unreported, which involved facts similar to ours. In Cox, on the day of trial the defendant informed the trial court that he was dissatisfied with his court-appointed counsel and wanted to hire new counsel. The defendant claimed that he was not comfortable with his counsel. The court had continued the case several times before, presenting the defendant with sufficient time to raise the issue before the trial. Consequently, the trial court denied the defendant's request to change counsel and proceeded to trial. The Tenth District affirmed the trial court's decision, stating:
 The right to retain counsel of one's choice is not an absolute right. Although a defendant must be given reasonable initial opportunity to retain counsel of his or her choice, a court may deny a request for a continuance to retain new counsel if, in balancing the defendant's right to retain new counsel against the public's interest in the prompt, efficient, and orderly administration of justice, the totality of the circumstances indicates that delay would be unreasonable. Id., citing State v. Long (Feb. 6, 1997), Franklin App. No. 96APA04-511, unreported.
We agree with both the Tenth District's reasoning and result. In this instance, the trial court appointed counsel for the appellant. That counsel represented appellant throughout the proceedings, which continued for over a year. The court continued the case several times at the appellant's request. The first time arose when the appellant requested a change of plea hearing, but at the last minute changed his mind. The court then set a trial date. The second delay occurred when the trial court granted appellant's counsel a continuance in order to interview additional witnesses. The court rescheduled the trial. The state was responsible for the third delay. However, the fourth delay occurred when the appellant was scheduled to go to trial on January 29, 2001, but he again notified the court that he wanted to change his plea. The court set a change of plea hearing, but on the day of the hearing, the appellant again changed his mind. As a result, the court was forced to set yet another trial date for February 21, 2001. Then, on the day of trial, after beginning voir dire, the defendant asked to retain counsel of his choice. The court properly inquired, on the record, as to appellant's reasons for the request. See King, supra, 104 Ohio App.3d at 437,662 N.E.2d at 390. His only explanation was that he had spoken to another attorney who thought that under the circumstances, appellant should not have been charged with a felony. Appellant failed to explain why he had not brought this to the court's attention beforehand and did not indicate when or if he would be able to retain counsel. The trial court explained that the statute mandates the felony charge after three prior convictions and that it did not appear the appellant was disputing his "priors." Seeing no legitimate reason to further delay the proceedings, the court denied the request and continued with the trial.
Under the totality of the circumstances, the trial court did not abuse its discretion in denying appellant's last minute request to retain his own counsel. Because appellant had delayed the proceedings several times, the trial court could reasonably conclude that he again wanted to delay the case. Understandably, courts are reluctant to grant requests that are made on the day of trial when a continuance would have to be granted to comply with the request. Appellant had approximately a year to discharge his appointed counsel and retain counsel of his choice. The trial court could reasonably conclude that appellant's failure to make any attempt to retain counsel prior to the date of trial was an indication that he was only trying to delay the case. The trial court's conclusion that appellant's request was made in bad faith and for the purpose of delay is clearly not arbitrary, capricious or unreasonable. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that he was denied effective assistance of counsel when the trial court refused to grant counsel's motion to withdraw. He claims the attorney-client relationship had so deteriorated that he was deprived of his right to effective assistance of counsel. A trial court's decision on a motion to withdraw as counsel is also reviewed under the abuse of discretion standard. Statev. Cowans (1999), 87 Ohio St.3d 68, 73, 717 N.E.2d 298, 304; State v.Edgell (1972), 30 Ohio St.2d 103, 111, 283 N.E.2d 145, 151. See, also,Burton v. Burton (1999), 132 Ohio App.3d 473, 475, 725 N.E.2d 359,360-361. Accordingly, we will not reverse the decision of the trial court unless it is arbitrary, unreasonable, or unconscionable. See FranklinCty. Sheriff's Dept., supra, at 506, 589 N.E.2d at 30.
In order for a court to grant counsel's motion to withdraw, there must be a "breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to the effective assistance of counsel." State v. Henness (1997), 79 Ohio St.3d 53, 65, 679 N.E.2d 686,697, quoting State v. Coleman (1988), 37 Ohio St.3d 286, 525 N.E.2d 792, paragraph four of the syllabus. Absent a breakdown of that magnitude, the court may permit the trial to proceed with the appointed counsel. Statev. Deal (1969), 17 Ohio St.2d 17, 244 N.E.2d 742, syllabus.
Appellant did not expressly make any claims on the record that his counsel was incompetent or ineffective. He only suggested that another attorney thought he should not have been charged with a felony. Appellant did not dispute that he had three prior convictions in the last six years of driving under the influence of alcohol. According to the statute, a fourth occurrence is considered a felony of the fourth degree. See R.C.4511.99 (A)(4)(a)(i). Allowing appellant's counsel to withdraw would not change this scenario. The appellant and his counsel did not appear to have stopped communicating altogether; counsel did not claim that he was unprepared or could not effectively represent his client. Counsel's uneasiness about his client's consultation with another attorney is not a breakdown of such magnitude as to justify withdrawal on the day of trial. In the absence of a more articulable breakdown of the attorney-client relationship, we conclude the trial court acted reasonably in denying counsel's last-minute motion to withdraw. Appellant's second assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 4511.99(A)(4)(a)(i) provides: "If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations identified in division (A)(2) of this section * * * the offender is guilty of a felony of the fourth degree."
In addition, R.C. 4511.99(A)(2) includes a violation of division (A) or (B) of R.C. 4511.19 in the statute.