[Cite as *State v. Corbin*, 2011-Ohio-6628.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96484**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GERALD CORBIN

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-533807

**BEFORE:**   Blackmon, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   December 22, 2011

-i-

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Robert B. Botnick
James M. Price
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶ 1} Appellant Gerald Corbin appeals his convictions and assigns the following errors for our review:

> **"I. The court erred in accepting appellant's guilty plea and appellant's guilty plea is void and invalid in light of the fact that the plea was not entered knowingly, voluntarily, and intelligently in violation of appellant's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution."**

> **"II. The trial court erred in failing to hold a hearing on appellant's motion to disqualify counsel in violation of his due process rights under both the United States and Ohio Constitutions."**

> **"III. Appellant was denied the right to the effective assistance of counsel."**

{¶ 2} Having reviewed the record and pertinent law, we affirm Corbin's convictions. The apposite facts follow.

{¶ 3} On February 17, 2010, a Cuyahoga County Grand Jury indicted Corbin on one count each of aggravated burglary, kidnapping, and aggravated robbery, with one and three-year firearm specifications attached to each count. In addition, the grand jury indicted Corbin with one count of having weapons under disability.

{¶ 4} On April 2, 2010, Corbin pleaded not guilty at his arraignment, and several pretrials followed. On June 1, 2010, pursuant to a plea agreement with the state, Corbin pleaded guilty to an amended indictment. Specifically, the state deleted the three-year firearm specification from the aggravated burglary charge, and Corbin pleaded guilty to the charge with the one-year firearm specification attached.

{¶ 5} The state also deleted the firearm specifications from the kidnapping and aggravated robbery charges, and Corbin pleaded to the charges as amended. In addition, Corbin pleaded guilty to having weapons under disability. Further, Corbin entered into the pleas with an understanding that he would be serving an agreed aggregate sentence of ten years.

{¶ 6} On the same day, the trial court imposed one year for the firearm specification, nine years each for aggravated burglary, kidnapping, and aggravated robbery. The trial court also sentenced Corbin to five years for having weapons under disability. In addition, the trial court ordered concurrent sentences for the underlying charges, but ordered them served consecutive to the one-year firearm specification.

**Guilty Plea: Knowingly, Intelligently, and Voluntarily**

{¶ 7}  In the first assigned error, Corbin argues his guilty pleas were not knowingly, intelligently, and voluntarily entered.   We disagree.

{¶ 8}  The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Davis*, Cuyahoga App. No. 95016, 2011-Ohio-2514, citing *State v. Ballard* (1981), 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115. The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. *State v. Cardwell*, Cuyahoga App. No. 92796, 2009-Ohio-6827, ¶26, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C).   Id.

{¶ 9}  Crim.R. 11(C)(2) provides in pertinent part that in felony cases the court may refuse to accept and shall not accept a plea of guilty without first addressing the defendant personally and doing all of the following:

> "(a) **Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**
>
> "(b) **Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**
>
> "(c) **Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require**

**the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."**

{¶ 10} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶18. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *Ballard*, paragraph two of the syllabus.

{¶ 11} With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *Veney* at ¶14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; Stewart, 51 Ohio St.2d 86. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger* (1995), 105 Ohio App.3d 567, 572, 664 N.E.2d 959.

{¶ 12} When nonconstitutional issues regarding the colloquy are raised, the defendant must show prejudice before a plea will be vacated for noncompliance with Crim.R. 11(C). *Veney*, 120 Ohio St.3d at ¶17. The test for prejudice is whether the plea

would have otherwise been made. Id.; see, also, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶ 13} In the instant case, despite Corbin's assertions that his guilty pleas were not knowingly, intelligently, or voluntarily made, a review of the record indicates that the trial court adhered to all of the requirements of Crim.R. 11.

{¶ 14} At the plea hearing, the state presented for the record the charges, the maximum penalty for the charges, and the plea discussions it had with defense counsel, specifically emphasizing that Corbin would serve an agreed sentence of ten years. Corbin indicated that he understood the charges and was willing to withdraw his not guilty pleas.

{¶ 15} Subsequently, the trial court engaged Corbin in a Crim.R. 11 colloquy. During the colloquy, Corbin affirmatively agreed to enter a guilty plea and by so doing, indicated that he understood his rights and that he was giving up those rights in exchange for his guilty plea to the amended charges. Corbin affirmatively expressed that he understood the nature of the charges and the maximum penalties the court could impose.

{¶ 16} Corbin also stated he was not under the influence of drugs, alcohol, or medication that would affect his judgment. Further, he expressed that no threats or promises had been made to induce his pleas and that he was satisfied with his attorney's representation. Finally, the trial court asked him whether he had anything to say, to which Corbin stated: "I mean there's nothing that I have to say. I know what I did was wrong, but I'm ready to suffer the consequences now." Tr. 22.

{¶ 17} We conclude that Corbin knowingly, intelligently, and voluntarily entered his guilty plea to the amended charges. Accordingly, we overrule the first assigned error.

## Motion to Disqualify Attorney

{¶ 18} In the second assigned error, Corbin argues his due process rights were abridged by the trial court's failure to hold a hearing, prior to accepting his pleas, on his motion to disqualify his attorney, prior to the acceptance of his guilty pleas.

{¶ 19} Ordinarily, when an indigent accused moves to disqualify his or her counsel, it is the duty of the trial court to inquire into the complaint and make it a part of the record. *State v. Lozada*, Cuyahoga App. No. 94902, 2011-Ohio-823, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶139. The inquiry need only be brief and minimal. Id., citing, *State v. King* (1995), 104 Ohio App.3d 434, 437, 662 N.E.2d 389.

{¶ 20} In the instant case, the record indicates that Corbin filed a pro se motion to disqualify his attorney the same day he pleaded guilty to the amended indictment and one day prior to trial. In his motion, Corbin complained that his attorney was not representing him to the best of his ability and that his attorney did not believe Corbin.

{¶ 21} The record also indicates that at the beginning of the hearing, the trial court stated that she had set aside time to discuss pending motions, but it had been brought to her attention that Corbin and the state had arrived at a plea agreement. As previously discussed in the first assigned error, we concluded that Corbin knowingly, intelligently, and voluntarily entered his guilty pleas to the amended charges.

**{¶ 22}** In addition, the record indicates that not once did Corbin voice any dissatisfaction with his attorney. Much to the contrary, when asked if he was satisfied with his attorney's representation, he answered in the affirmative. Further, after accepting the pleas and prior to imposing the agreed sentence, the trial court revisited pending motions. The following exchange took place:

**"The Court: Do you have anything to say?**

**"Mr. Escovar:       Your Honor, we withdraw the motions - -**

**"The Court: Thank you.**

**"Mr. Escovar:        - - I previously filed.**

**"The Court:        So noted for the record.   And I just wanted to make sure, because I know that sometimes they'll remain pending on the court docket if I don't mark them as such."** Tr. 21.

**{¶ 23}** Here, the record indicates that the trial court was prepared to address any pending motions, but Corbin failed to voice any dissatisfaction with his attorney when given the opportunity. Consequently, having previously concluded that Corbin's pleas were knowingly, intelligently, and voluntarily entered, we conclude that Corbin had abandoned his motion to disqualify his attorney. Accordingly, we overrule the second assigned error.

## Ineffective Assistance of Counsel

**{¶ 24}** In the third assigned error, Corbin argues his trial counsel was ineffective. We disagree.

**{¶ 25}** To establish a claim for ineffective assistance of counsel, Corbin must show that his counsel's performance was deficient and that deficiency prejudiced his defense.

*Strickland v. Washington* (1984), 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 423 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. However, under *Strickland*, our scrutiny of an attorney's work must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.

{¶ 26} Germane to our discussion, "[A] claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary." *State v. Hicks*, Cuyahoga App. No. 90804, 2008-Ohio-6284, at ¶24. Having previously concluded that Corbin's pleas were knowingly, intelligently, and voluntarily entered into, we find nothing to support Corbin's claim that he was denied the effective assistance of counsel. Accordingly, we overrule the third assigned error.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR