[Cite as *State v. Townsend*, 2012-Ohio-2919.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
Nos. 96837 and 98195

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAYSON TOWNSEND

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-532553 and CR-532807

BEFORE:   E. Gallagher, J., Boyle, P.J., and Jones, J.

RELEASED AND JOURNALIZED:   June 28, 2012

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Marcus L. Wainwright
James M. Price
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1}   Defendant-appellant Jayson Townsend appeals his convictions entered in the Cuyahoga County Court of Common Pleas.   Appellant argues that the trial court failed to adequately inquire into his dissatisfaction with his trial counsel at his plea hearing.   For the following reasons, we affirm.

{¶2}   Appellant was indicted on January 13, 2010 in CR-532553 for two counts of aggravated burglary, ten counts of kidnapping, three counts of aggravated robbery, two counts of felonious assault, carrying a concealed weapon (CCW), having weapons while under disability (HWWD) and tampering with evidence.   In CR-532807, appellant was indicted on February 5, 2010 and charged with six counts of kidnapping, four counts of aggravated robbery, felonious assault,   attempted felonious assault and having weapons under disability (HWWD).   All of the charges, other than the counts alleging CCW and HWWD carried gun specifications.

{¶3} On March 22, 2010, prior to entering his plea, the appellant indicated to the court that he was unhappy with his trial counsel.   The trial court inquired as to any specific deficiencies or objections that he had, to which the appellant responded vaguely "[t]he situation I'm in.   Cop out or go to trial.   Whatever, get out, so that's why I'm copping out, but I want to come home."   After a brief colloquy between the court and the appellant in which no further specifics regarding appellant's dissatisfaction were elicited, the discussion concluded:

The Court:    What do you want to do?

Defendant:    It's cool.

The Court:    Are you satisfied with the representation?

Defendant:    Yes.

{¶4}    Pursuant to the state's offer, appellant pled guilty to multiple counts in each case with the gun specifications deleted. In exchange for appellant's plea, all remaining counts were nolled. The trial court sentenced appellant to a cumulative prison term of 16 years on the above counts.

{¶5}    On May 24, 2010, appellant filed a petition for postconviction relief in order to vacate his plea under R.C. 2953.21, asserting that his trial counsel was ineffective for pressuring him into entering a plea. On June 1, 2010, the trial court denied that motion. On March 28, 2011, the appellant then filed a motion for leave to file a motion for new trial based on newly discovered evidence under Crim.R. 33(A)(6). The appellant averred that he had obtained new evidence that would produce a different result upon retrial. The trial court denied the appellant's Crim.R. 33(A)(6) motion on April 4, 2011.

{¶6}    Appellant filed a motion for a delayed appeal to this Court on May 5, 2011, to challenge the trial court's April 4, 2011 decision denying his motion for leave to file a motion for a new trial based on newly discovered evidence. On June 20, 2011, we granted appellant's motion for delayed appeal. This court continued the original oral argument on this case when appellant's brief failed to present an assignment of error

relating to the denial of his motion for a new trial and ordered appellant to file a new brief by April 9, 2012.

{¶7} On April 9, 2012, appellant filed a second motion for leave to file a delayed appeal in App. No. 98195, seeking review of his conviction and sentence. This court granted appellant's motion on April 20, 2012, and the two cases were consolidated.

{¶8} In regard to appellant's original delayed appeal, appellant presents no argument that the trial court erred in denying his motion for leave to file a motion for a new trial. We note that appellant's conviction resulted from a guilty plea and "[a] plea of guilty in a criminal case precludes the defendant from thereafter making a motion for a new trial." *State v. Frohner*, 150 Ohio St. 53, 55, 80 N.E.2d 868 (1948). This court has previously recognized that allowing a defendant to file a motion for a new trial instead of a motion to withdraw the plea permits the defendant to circumvent the more stringent standard set forth in seeking a withdraw of a plea. *State v. Woodley*, 8th Dist. No. 83104, 2005-Ohio-4810, ¶ 8.

{¶9} In his sole assignment of error in this consolidated appeal, appellant states:

[t]he trial court erred, in derogation of Defendant's right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution, in failing to make further inquiry when Defendant expressed dissatisfaction with his attorney.

{¶10} When seeking to discharge a court-appointed attorney, a defendant bears the burden of showing that the attorney-client relationship has broken down to such a degree as to jeopardize his right to effective assistance of counsel. *State v. Badran*, 8th

Dist. No. 90725, 2008-Ohio-6649, ¶ 8, citing *State v. Henness*, 79 Ohio St.3d 53, 65, 679 N.E.2d 686 (1997), *cert. denied*, 522 U.S. 971, 118 S.Ct. 422, 139 L.Ed.2d 323 (1997). When an indigent defendant questions the effectiveness of assigned counsel, the trial court must inquire into the complaint and make the inquiry part of the record. *Id.*, citing *State v. King*, 104 Ohio App.3d 434, 437, 662 N.E.2d 389 (4th Dist.1995). However, in order to necessitate such an inquiry, the defendant must announce grounds for appointment of new counsel that are sufficiently specific to trigger the duty of further investigation. *Id.* Once specific allegations have been made, the failure to inquire into such allegations constitutes error as a matter of law. *Id.*, citing *State v. Carter*, 128 Ohio App.3d 419, 423, 715 N.E.2d 223 (4th Dist.1998).

{¶11} No further investigation is required for vague or general reasons for wanting to discharge counsel. *State v. Harrison*, 8th Dist. No. 93132, 2010-Ohio-2778, ¶ 39. This court has also stated that the investigation may be brief and minimal. *Id.*

> Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include "the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense." *State v. Stadmire*, 8th Dist. No. 81188, 2003-Ohio-873, ¶ 21, quoting *State v. Jones*, 91 Ohio St.3d 335, 2001-Ohio-57, 744 N.E.2d 1163.

{¶12} "The decision whether or not to remove court appointed counsel and allow substitution of new counsel is addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion." *State v. Moore*, 8th Dist. No. 95106, 2012-Ohio-1958, ¶ 20, citing *State v. Pruitt*, 18 Ohio

App.3d 50, 57, 480 N.E.2d 499 (8th Dist.1984). "The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶13} The record reveals that appellant first expressed dissatisfaction with his trial counsel on the day of trial. The trial court specifically inquired into appellant's problem(s) with his counsel. Appellant explained that his dissatisfaction stemmed from the realities of the situation in which he found himself, specifically his choice to accept a plea bargain or proceed to trial. Appellant was dissatisfied with his options and preferred to go home instead. Appellant offered no further details in response to the court's inquiry and certainly no allegations to suggest that the attorney-client relationship had broken down to such a degree as to jeopardize his right to effective assistance of counsel. Appellant ultimately indicated to the trial court that he was satisfied with his attorney.

{¶14} Based on the above record, we find that the trial court adequately inquired into appellant's complaint. While we recognize that the trial court could have developed the record further with additional questions, we cannot say that the trial court's inquiry was inadequate. Accordingly, we find no abuse of discretion in the trial court's refusal to substitute appellant's trial counsel. We must, therefore, overrule appellant's assignment of error.

{¶15} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR