[Cite as *State v. Davis*, 2014-Ohio-5144.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101208**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RICHARD DAVIS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-570872-A

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
2000 Standard Building
1370 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Anthony Thomas Miranda
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Richard Davis appeals his conviction on two counts of rape and one count of kidnapping. For the reasons stated herein, we affirm the judgment of the trial court.

{¶2} On March 5, 2013, appellant was indicted on two counts of rape of a minor under the age of 13 with a sexually violent predator specification, each an unclassified felony, and two counts of kidnapping with sexual motivation and sexually violent predator specifications, each a felony of the first degree. At his arraignment on March 8, 2013, appellant was appointed trial counsel and appellant entered a plea of not guilty to the indictment. Over the course of the next year, defense counsel filed appropriate discovery motions, the state responded to the discovery requests, and 14 pretrials were held.

{¶3} It was not until the date of trial, March 5, 2014, that the court was informed appellant wished to disqualify his attorney. Although it appears that appellant attempted to send a motion to disqualify to the judge in October 2013, no motion was ever filed with the court. Appellant expressed his displeasure with his counsel, making general assertions that "he's been telling me * * * lies," "it's always a heated discussion," "he has no interest," and "[he's] not representing me." Appellant also claimed his counsel had lied to his family and "hung up on them."

{¶4} Defense counsel indicated that the problem was appellant and his family did not like what they were hearing. Defense counsel stated he had discussed the case with appellant, seen appellant in jail, had appellant's mental health examined, and explained to appellant that the rape charges were unclassified felonies that carried a life sentence.

{¶5} The court indicated that the victim had been flown in for trial and that the case would go forward to trial. The court denied the motion to disqualify counsel.

**{¶6}** Appellant proceeded to state he could not go to trial with defense counsel and that he was ready to accept the plea deal. Before accepting appellant's plea, the trial court ensured that appellant understood his constitutional rights, the nature of the charges, the maximum penalties that could be imposed, the plea that was being offered, and the effect of a guilty plea.

**{¶7}** Appellant continued to express that he did not wish to go to trial with defense counsel. Defense counsel indicated that he had been over the case with appellant "dozens and dozens" of times and that appellant simply did not like what he was hearing. Counsel indicated that he had two similar cases with appellant's cell mates that were resolved with plea deals involving less prison time. The prosecution was not offering a similar plea deal in appellant's case. The prosecutor confirmed that he had a discussion with defense counsel about another case that resulted in a three-year sentence, but the state's position was that appellant's case involved a totally different factual scenario.

**{¶8}** Appellant then indicated that the victim in the case lied about her age. The court expressed its understanding that there was DNA evidence in the case and that when the victim is under the age of 13, consent is not a defense in the case. The court indicated that appellant was facing a potential of 25 years to life, and that the plea offer was a flat ten years. Appellant stated he did not really want to take the deal, "but I guess I got to." The court stated it was prepared to proceed with trial and that it was appellant's choice, to which appellant stated he was not going to trial with his defense counsel.

**{¶9}** The court again explained to appellant the nature of the charges and the potential sentence. The appellant stated he would take the deal. After further discussions, the plea offer was placed on the record. The court complied with Crim.R. 11 and found that appellant's plea was made knowingly, intelligently, and voluntarily.

**{¶10}** Appellant entered a plea of guilty to two counts of rape, as amended, each a first-degree felony in violation of R.C. 2907.02(A)(2), and one count of kidnapping, as amended, a first-degree felony in violation of R.C. 2905.01(A)(4) with a sexual motivation specification. The remaining kidnapping count was dismissed. The trial court imposed a ten-year prison sentence and classified appellant as a Tier III sex offender.

**{¶11}** Appellant filed this appeal, raising two assignments of error for our review. Under his first assignment of error, appellant claims he was denied his right to counsel and the trial court abused its discretion in denying his motion for new counsel. Under his second assignment of error, appellant claims he was deprived of his right to effective assistance of counsel because his trial counsel failed to timely bring before the court the issues concerning counsel's representation.

**{¶12}** Although an indigent defendant has the right to the appointment of counsel, he has no right to have a particular attorney represent him and must demonstrate "good cause" in order for the substitution of counsel to be warranted. *State v. Williams*, 99 Ohio St.3d 439, 2003-Ohio-4164, 793 N.E.2d 446, ¶ 55; *State v. Cowans*, 87 Ohio St.3d 68, 72, 1999-Ohio-250, 717 N.E.2d 298. Three recognized examples of "good cause" that would warrant the discharge of court-appointed counsel include (1) a conflict of interest; (2) a complete breakdown of communication; and (3) an irreconcilable conflict that could cause an apparently unjust result. *State v. Burrell*, 11th Dist. Lake No. 2013-L-024, 2014-Ohio-1356, ¶ 24. Before an indigent defendant is entitled to discharge court-appointed counsel, he must show "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988), paragraph

four of the syllabus. A trial court's denial of a motion to substitute counsel is reviewed for an abuse of discretion. *Cowans* at 73.

{¶13} In the instant case, appellant's dissatisfaction with his trial counsel was stated in general terms. Appellant did not give any substantial reason for desiring new counsel or provide specificity as to the alleged "lies" and lack of representation. Although the record suggests appellant attempted to send a motion to the court in October 2013, the date of trial was the first time the trial court was made aware of any dissatisfaction with counsel by appellant. The trial court engaged in a discussion on the record. The record does not reflect that trial counsel was unprepared to proceed with trial, nor does it suggest such a breakdown in the attorney-client relationship that appellant failed to receive adequate representation. Even if appellant did not get along well with counsel, a lack of rapport is not sufficient to constitute a total breakdown when it does not inhibit the attorney from both preparing and presenting a competent defense. *State v. Lewis*, 11th Dist. Lake No. 2012-L-074, 2013-Ohio-3974, ¶ 48. Because appellant failed to demonstrate a complete breakdown in communications with counsel or "good cause" to substitute counsel, we cannot find that the trial judge abused his discretion in denying the motion.

{¶14} Likewise, because the record contains no evidence that would justify substitution of counsel, we are unable to find that trial counsel was ineffective for failing to raise issues concerning his representation ahead of trial. Further, appellant has failed to show that his guilty plea was not knowing, voluntary, and intelligent, or that his counsel's performance was deficient or that he was prejudiced by any deficiency. Therefore, we are unable to find that appellant failed to receive effective assistance of counsel. Appellant's assignments of error are overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR