KATHLEEN ANN KEOUGH, A.J.:
{¶ 1} Defendant-appellant, Alejandro Ortiz-Santiago ("Santiago"), appeals from the trial court's judgment denying his motion to withdraw his guilty plea and sentencing him to ten years incarceration. Santiago argues that the trial court abused its discretion in denying his requests for new counsel and to withdraw his guilty plea, and erred in imposing consecutive sentences. For the reasons that follow, we affirm.
I. Facts and Procedural History
{¶ 2} In August 2016, Santiago was charged in a multicount indictment. Counts 1 and 2 charged rape in violation of R.C. 2907.02(A)(1)(b) ; Counts 3 through 8 charged gross sexual imposition in violation of R.C. 2907.05(A)(4) ; Counts 9 and 10 charged kidnapping in violation of R.C. 2905.01(B)(2) ; and Counts 11 and 12 charged disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1). Counts 1 through 10 further alleged that the victim was a child under the age of 13, and Counts 9 and 10 also contained a sexual motivation specification. Counsel was appointed for Santiago, and he pleaded not guilty to the charges.
{¶ 3} Santiago twice waived his speedy trial rights, and the trial court eventually set trial for December 12, 2016. On that day, the state informed the court that Santiago had agreed to plead guilty to an amended Count 1, attempted rape in violation of R.C. 2907.02(A)(2) /2923.02, and Counts 11 and 12, disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1). Defense counsel then advised the court that based upon numerous conversations with Santiago, he had indeed informed the prosecutor that Santiago would plead guilty. However, when defense counsel had spoken with Santiago that morning, Santiago had advised him that he was dissatisfied with his lawyer's representation and wanted new counsel.
{¶ 4} The judge questioned Santiago regarding why he wanted new counsel, noting that the case was set for trial and there had been many continuances to allow his lawyer to prepare the case. The judge asked Santiago why, on the day of trial, he suddenly had an issue with his lawyer. Santiago advised the judge that he wanted new counsel because "at this last moment I'm not really sure of the support of my lawyer" because the lawyer "wants me to plead guilty to something that I have not done." The judge told Santiago that his lawyer was "trying to minimize his risk" because he was facing two life terms in prison, and Santiago did not have to accept the offered plea, but the court was not going to replace defense counsel on the day of trial. The judge told Santiago that if *1130 he believed he was innocent, he could go to trial, but defense counsel
is going to be the lawyer in this case. He has reviewed all the records. He has investigated this matter. He has gone over everything on this matter. He is going to be the lawyer on this case; specifically since this is the day of trial that there is now being requested a new lawyer. So you have a choice; you can either try this case or you can accept the plea. That's your decision.
(Tr. 45).
Santiago then told the judge that he wanted to go to trial.
{¶ 5} Accordingly, after voir dire, a jury was impaneled and sworn. In addition, the judge conducted a competency hearing to determine the child-victim's competency to testify. On the morning of the second day of trial, however, immediately prior to opening statements, defense counsel informed the court that Santiago would accept the state's plea offer after all. After conducting a Crim.R. 11 plea hearing, the court found Santiago guilty of amended Count 1 and Counts 11 and 12, dismissed the remaining charges, and continued sentencing until January 10, 2017.
{¶ 6} On December 27, 2016, Santiago filed a pro se motion to withdraw his guilty plea. In his motion, Santiago asserted that he was innocent but had been pressured by his lawyer to accept the state's plea offer. The state filed a brief opposing Santiago's motion, noting first that he was represented by counsel and thus could not file pro se motions, and second, that he had failed to demonstrate that his motion should be granted.
{¶ 7} On January 10, 2017, defense counsel advised the court that he would join Santiago's motion to withdraw his plea so that Santiago could be heard on his motion; the court then held a hearing regarding the motion. The court subsequently denied Santiago's motion, and sentenced him to eight years on Count 1 and 12 months each on Counts 11 and 12. The court ordered the counts to run consecutively for a total of ten years incarceration. The court further advised Santiago that upon his release from prison, he would be subject to five years mandatory postrelease control and required to register as a Tier III sexual offender. This appeal followed.
II. Law and Analysis
A. Presentence Motion to Withdraw Plea
{¶ 8} Santiago first contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea.
{¶ 9} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
{¶ 10} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie , 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus.
{¶ 11} The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. Id. at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. Id. at 527, 584 N.E.2d 715. An abuse of discretion occurs where the reasons given by the court for its action are " 'clearly untenable, legally incorrect, or amount to a denial of justice,'
*1131 " or where the court's decision " 'reaches an end or purpose not justified by, and clearly against, reason and evidence.' " In re: Guardianship of S.H. , 9th Dist. Medina No. 13CA0066-M, 2013-Ohio-4380, 2013 WL 5519847, ¶ 9, quoting State v. Chapple , 135 Ariz. 281, 296-297, 660 P.2d 1208 (1983).
{¶ 12} A trial court does not abuse its discretion in denying a motion to withdraw a plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered the plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim , 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.
{¶ 13} In addition, reviewing courts should consider whether: (5) the motion was made in a reasonable time; (6) the motion stated specific reasons for withdrawal; (7) the defendant understood the nature of the charges and the possible penalties; and (9) the defendant had evidence of a plausible defense. State v. Pannell , 8th Dist. Cuyahoga No. 89352, 2008-Ohio-956, 2008 WL 603751, ¶ 13, citing State v. Benson , 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, 2004 WL 637775.
{¶ 14} In applying these factors, we find that the trial court did not abuse its discretion in denying Santiago's motion to withdraw his plea. Santiago was represented by counsel that he admits on appeal was "highly competent." Further, the record reflects that Santiago received a full Crim.R. 11 hearing at which he unequivocally stated that he wanted to enter into the plea.
{¶ 15} The record further reflects that the trial court held a complete hearing on Santiago's motion to withdraw his guilty plea, and gave full and fair consideration to his request. At the hearing, Santiago advised the court that he had pleaded guilty because he "felt very intimidated," "was in a strong depression," and "I don't feel like I understood what was going on." Upon questioning, defense counsel advised the court that he had not pressured Santiago to plead guilty, but had pointed out the charges, the possible sentence, the evidence, and what would likely happen at trial, and then left the final decision to Santiago. The prosecutor advised that there would be substantial prejudice to the state if the motion were granted, noting that trial had commenced, a jury had been impaneled and sworn, and a competency hearing held for the child victim before Santiago decided to plead guilty.
{¶ 16} At the conclusion of the hearing, the trial court announced that it would not render its decision until it had reviewed the transcript of the plea hearing. Subsequently, after noting that it had reviewed the transcript of the plea hearing and considered Santiago's arguments for withdrawal, the trial court denied the motion.
{¶ 17} On this record, we find no abuse of discretion in the trial court's judgment denying Santiago's motion to withdraw his plea. Although Santiago argues that he told the court that he did not understand "what was going on" at the plea hearing, and that his plea was therefore not knowingly, voluntarily, and intelligently made as required by Crim.R. 11, the record refutes this claim. The trial court held a full Crim.R. 11 hearing at which Santiago acknowledged that he was entering his guilty plea voluntarily and that he understood the nature of the charges and the effect of his plea.
{¶ 18} Furthermore, the record contains nothing to support Santiago's assertion that defense counsel pressured him to accept the plea offer. In fact, the record reflects that Santiago initially rejected the *1132 plea and the case proceeded to trial, and that he changed his mind and accepted the plea offer after trial had commenced, a clear indication that he recognized the implication of a possible guilty verdict and the advantage of accepting the state's plea offer.
{¶ 19} Last, although Santiago told the trial court that he was innocent and had witnesses who would testify on his behalf, he did not identify them or set forth their possible testimony in either his motion or at the hearing on his motion to withdraw. Accordingly, he did not set forth any plausible defense that would have weighed in favor of granting the motion.
{¶ 20} Because the trial court did not abuse its discretion in denying Santiago's presentence motion to withdraw his plea, the first assignment of error is overruled.
B. Request for New Counsel
{¶ 21} In his second assignment of error, Santiago contends that the trial court abused its discretion in denying his request for new counsel, thereby denying him his constitutional right to effective assistance of counsel.
{¶ 22} Generally, when a defendant moves to disqualify his or her court-appointed counsel, it is the trial court's duty to inquire into the complaint and make the inquiry part of the record. State v. Corbin , 8th Dist. Cuyahoga No. 96484, 2011-Ohio-6628, 2011 WL 6792781, ¶ 19, citing State v. Lozada , 8th Dist. Cuyahoga No. 94902, 2011-Ohio-823, 2011 WL 676096. The inquiry need only be brief and minimal, however. State v. King , 104 Ohio App.3d 434, 437, 662 N.E.2d 389 (4th Dist.1995).
{¶ 23} The defendant bears the burden of demonstrating proper grounds for the appointment of new counsel. State v. Patterson , 8th Dist. Cuyahoga No. 100086, 2014-Ohio-1621, 2014 WL 1513893, ¶ 18. The grounds for disqualification must be specific, not "vague or general." State v. Johnson , 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 68. The trial judge may deny the requested substitution and require the trial to proceed with assigned counsel if the complaint is unreasonable. State v. Cowans , 87 Ohio St.3d 68, 72, 717 N.E.2d 298 (1999).
{¶ 24} An indigent defendant's right to counsel does not extend to counsel of the defendant's choice. Thurston v. Maxwell , 3 Ohio St.2d 92, 93, 209 N.E.2d 204 (1965). Thus, to discharge a court-appointed attorney, the defendant must show " 'a breakdown in the attorney-client relationship of such magnitude as to jeopardize a defendant's right to effective assistance of counsel.' " State v. Coleman , 37 Ohio St.3d 286, 292, 525 N.E.2d 792 (1988), quoting People v. Robles , 2 Cal.3d 205, 215, 85 Cal.Rptr. 166, 466 P.2d 710 (1970).
{¶ 25} We review a trial court's decision whether to remove appointed counsel and allow substitution of new counsel for an abuse of discretion. Patterson at ¶ 19. We find no abuse of discretion in this case.
{¶ 26} On the day of trial, defense counsel advised the court that Santiago wanted new counsel. The judge then investigated Santiago's concerns about his lawyer. Santiago told the judge he wanted new counsel because he was "not really sure of the support of his lawyer" because his lawyer "wants me to plead guilty to something that I have not done." But counsel's advice to Santiago to accept the plea offer was not a breakdown in the attorney-client relationship that jeopardized Santiago's right to effective assistance of counsel. In fact, "[a] lawyer has a duty to give the accused an honest appraisal of the case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism."
*1133 Cowans , 87 Ohio St.3d at 73, 717 N.E.2d 298. Thus, because Santiago was facing two life sentences if he went to trial and was convicted, although he may not have liked his lawyer's advice, as the trial judge correctly informed him, his lawyer was simply trying to "minimize his risk" by advising him to plead guilty.
{¶ 27} Further, the record fails to demonstrate any breakdown in communication or cooperation between Santiago and his counsel that would have violated Santiago's constitutional right to effective assistance of counsel. Although Santiago complained that counsel had not timely given him documents to review, the record reflects that counsel and Santiago had agreed that it would be risky for Santiago to have police reports and other documents regarding his alleged rape of a child in his possession while he was in jail with other inmates. And although Santiago complained that counsel had not spent "enough" time with him, he admitted that counsel had spent time with him discussing the case. Indeed, the record demonstrates that defense counsel thoroughly investigated the case and had numerous conversations with Santiago about the case. In fact, when Santiago decided to turn down the plea offer and go to trial that day, defense counsel was fully prepared for trial.
{¶ 28} Finally, we note that the request was not made until the day of trial. Although there had been many pretrials and several continuances in the case, Santiago had not previously raised the issue of new counsel with the court.
{¶ 29} Under these circumstances, we do not find the trial court abused its discretion in denying Santiago's request for new counsel. The court considered the request at length but found the request was neither timely nor supported by good cause. Accordingly, there was no denial of Santiago's constitutional right to effective assistance of counsel. The second assignment of error is therefore overruled.
C. Consecutive Sentences
{¶ 30} In his third assignment of error, Santiago contends that the trial court erred in imposing consecutive sentences.
{¶ 31} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition, the court must find that any of the following applies:
(1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;
(2) at least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of the offender's conduct; or
(3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 32} In order to impose consecutive sentences, the trial court must both make the statutory findings mandated under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. Bonnell at the syllabus.
*1134 {¶ 33} The record reflects that the trial court both made the statutory findings at the sentencing hearing and incorporated those findings into the sentencing entry. Nevertheless, Santiago argues that consecutive sentences were not properly imposed because the trial court did not give reasons to support its findings and, therefore, the findings were not "meaningful." It is well settled, however, that a trial court need not provide reasons in support of its consecutive sentence findings. State v. Ladson , 8th Dist. Cuyahoga No. 104642, 2017-Ohio-7715, 2017 WL 4176959, ¶ 36, citing Bonnell . The third assignment of error is therefore overruled.
{¶ 34} Judgment affirmed.
PATRICIA ANN BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR