[Cite as *State v. Hudson*, 2020-Ohio-3972.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 108841 and 109011 |
| v. | : | |
| DERRICK DEMETRIUS HUDSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 6, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-631112-A, CR-19-639316-A, and CR-19-639341-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Timothy R. Troup, Assistant Prosecuting Attorney, *for appellee.*

Christopher R. Fortunato, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Derrick D. Hudson appeals from a judgment of the Cuyahoga County Court of Common Pleas that sentenced him to a total of 27 months in prison in three separate cases. On appeal, Hudson argues the trial court erred in

imposing consecutive terms in two of the three cases. Having reviewed the record and applicable law, we find no merit to the appeal and affirm the trial court's judgment.

**Procedural History and Substantive Facts**

{¶ 2} On July 2, 2019, Hudson was sentenced on three separate cases after entering a guilty plea in all three cases. In Cuyahoga C.P. No. CR-18-631112-A, he pleaded guilty to an offense of attempted carrying a concealed weapon, a fifth-degree felony; in Cuyahoga C.P. No. CR-19-639316-A, drug possession, a fifth-degree felony; and in Cuyahoga C.P. No. CR-19-639341-A, carrying a concealed weapon, a fourth-degree felony.

{¶ 3} At the sentencing hearing, the trial court noted Hudson submitted five letters for mitigation and a certificate showing he completed a concealed carry class. Hudson's counsel described him as a respectful and delightful young man and he carried a gun to protect himself because he had been previously robbed at gunpoint. Counsel also explained that the drug Hudson illegally possessed was Percocet that belonged to his grandmother and he used it for his dental issues. Counsel pointed out in addition that Hudson had completed one year of college and was working with the mentally challenged for the past two years.

{¶ 4} The prosecutor, however, portrayed Hudson differently, emphasizing that Hudson was scheduled for trial for the first firearm case, CR-631112, in 2018, but failed to appear on the day of trial and, while that case was pending, committed additional offenses (CR-639316 and CR-639341). The prosecutor alleged that the

document provided by Hudson to verify his employment with Open Hands of Caring Penn Foundation was fraudulent; the telephone number for a purported supervisor turned out to be the number of an acquaintance of Hudson. The prosecutor also alleged that Hudson had referred to himself as a "Young Thug."

{¶ 5} The trial court sentenced Hudson to 11 months in prison in CR-631112, the first firearm case; 11 months in prison in CR-639316, the drug possession case; and 16 months in prison in CR-639341, the second gun offense. The court ordered him to serve the prison terms for the two firearm cases consecutively. The sentencing entry in CR-631112 and CR-639341 stated the court's findings for the consecutive terms imposed in these two cases:

> [C]onsecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under community control or was under post-release control for a prior offense, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

{¶ 6} On appeal, Hudson raises one assignment of error for our review:

> The trial court erred when it ordered two of the appellant's sentences served consecutively in violation of R.C. 2929.14.

{¶ 7} Hudson argues that, in light of his lack of any prior felony conviction before these three cases, the trial court erred in imposing consecutive sentences without giving reasons why consecutive sentences were necessary to protect the public from future crimes or to punish him, or why the sentences were not

disproportionate to the seriousness of his conduct and the danger he would pose to the public.

**Analysis**

{¶ 8} R.C. 2929.14(C)(4) provides that the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Before imposing consecutive sentences, a trial court must make the findings mandated by R.C. 2929.14(C)(4) and incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *State v. Rapier*, 8th Dist. Cuyahoga No. 108583, 2020-Ohio-1611, ¶ 7. The failure to make the findings renders the imposition of consecutive sentences

contrary to law. *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 29.

{¶ 10} Here, before imposing consecutive prison terms for the two firearm cases (CR-631112 and CR-639341), the court made the findings as follows:

> Case Number 631112 is going to be consecutive to Case Number 639341 because I believe it is necessary to protect the public from future crime and that it is not disproportionate to [the defendant's] conduct, already having a trial date on a weapons case [the defendant] absconded from and then to have another weapons case come down. It's not disproportionate. Your learned nothing from your first arrest.
>
> Of course you committed one or more * * * of these offenses while you were awaiting trial, or while we were waiting for you to show up for trial, and you had already been indicted and had pre-trials already before the case of 639316 which the date of that offense was October of 2018. Of course by your testimony you weren't even showing up for pre-trials and we didn't know that.
>
> Therefore, the history of these three cases and your absconding from court all demonstrate that consecutive sentences are necessary in this case.

{¶ 11} As reflected in the transcript, therefore, the trial court complied with the statutory requirement and made the requisite findings necessary for consecutive sentences pursuant to R.C. 2929.14(C). For the last finding, the court noted that Hudson committed the first firearm offense on July 25, 2018, and he was arraigned in that case on September 20, 2018. Less than a month later, while out on bond for the firearm offense, he committed the drug offense on October 16, 2018. On November 28, 2018, the day scheduled for the firearm case, he failed to appear for trial and the court issued a capias. While the warrant was outstanding for his arrest in the firearm case, he committed the second firearm offense on April 21, 2019.

{¶ 12} Although the trial court did not provide specific reasons for the first two findings, in making the consecutive sentence findings, a trial court is not required "to give reasons supporting its decision to impose consecutive sentences." *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 27. Rather, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. Here, the trial court emphasized the egregious nature of Hudson's conduct in disregarding the trial date scheduled in the first firearm case and, while a warrant was issued for his arrest in the case, committed another firearm offense. Our review of the transcript shows the trial court engaged in the requisite consecutive-sentence analysis and the record contains evidence to support the findings made by the court, and the trial court properly incorporated its findings in its sentencing entries. Consequently, Hudson's sentence is not contrary to law.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN T. GALLAGHER, A.J., and
EILEEN A. GALLAGHER, J., CONCUR